**Tera CUNNINGHAM, Plaintiff–Appellant,**

**v.**

**The TOWN OF ELLICOTT, The Town of Ellicott Police Department and Chief William Ohnmeiss Jr., individually, Defendants–Appellees.**

No. 07–2946–cv.

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

---

Christina A. Agola, Law Offices of Christina A. Agola, Rochester, NY, for Plaintiff–Appellant.

Audrey A. Seeley, (Michael F. Perley and Scott Michael Duquin, on the brief), Hurwitz & Fine, P.C., Buffalo, NY, for Defendant–Appellee.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges, and LORETTA A. PRESKA District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Tera Cunningham filed this action against the Town of Ellicott ("the Town") and Chief William Ohnmeiss ("Ohnmeiss"), individually, for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and retaliation in violation of the First Amendment. Cunningham appeals an order of the United States District Court for the Western District of New York (Scott, *M.J.*), entered on June 18, 2007, denying her motion for a new trial, under Federal Rule of Civil Procedure 59(a) and (e), on her Title VII, First Amendment, and New York State Human Rights Law retaliation claims. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

We review a district court's denial of a Rule 59(a) or (e) motion for a new trial for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

■ Cunningham raises two arguments on appeal. First, she argues that the jury verdict finding the Town and Ohnmeiss

were not liable on the Title VII, First Amendment, and New York Human Rights Law retaliation claims was against the weight of the evidence. It is well-settled that a district court's decision to deny a motion for a new trial " 'made on the ground that the verdict was against the weight of the evidence ... is not reviewable on appeal.' " *De Falco v. Bernas*, 244 F.3d 286, 325 (2d Cir.2001) (quoting *Dailey v. Societe Generale*, 108 F.3d 451, 458 (2d Cir.1997)). Accordingly, Cunningham's weight of the evidence argument is not reviewable.

■ Second, Cunningham argues that the jury's special verdict answers on the Title VII retaliation claim are inconsistent. "To justify setting aside an otherwise valid jury verdict, the special verdict answers must be *'ineluctably* inconsistent.' " *Munafo*, 381 F.3d at 105 (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001)). Our precedent counsels that "where the special verdict answers appear to be inconsistent but there is a view of the case that makes the jury's answer[s] ... consistent, they must be resolved that way." *Tolbert*, 242 F.3d at 74 (quotation marks omitted) (alteration in original).

Question No. 17 on the special verdict form asked the jury: "Was the plaintiff, who engaged in conduct protected by Title VII in filing her EEOC charge, subjected to an adverse employment act at the time, or after, the protected conduct took place?" The jury answered "No." Cunningham filed a discrimination charge with the Equal Employment Opportunity Commission on March 8, 2004. The timing of Cunningham's termination was critical to her Title VII retaliation claim. The timing of termination turned on whether Ohnmeiss or the Town Board had the authori-

* The Honorable Loretta A. Preska, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

450

ty to terminate Cunningham. Ohnmeiss notified Cunningham of the termination on March 5, 2004. The Town Board approved Cunningham's termination on March 15, 2004. Question No. 17 asked the jury to resolve this question. The district court reasonably interpreted the jury's answer as a finding that Ohnmeiss terminated Cunningham on March 5, 2004, before the EEOC charge was filed. Accordingly, there was no inconsistency.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.